2011 UT App 296

**Kim BOWERS, Plaintiff and Appellant,**

v.

**PAYSON CITY, Defendant and Appellee.**

**No. 20110469–CA.**

Court of Appeals of Utah.

Sept. 1, 2011.

Kim Bowers, Payson, Appellant Pro Se.

David C. Tuckett and Mark A. Sorenson, Payson, for Appellee.

Before Judges ORME, VOROS, and ROTH.

## DECISION

PER CURIAM:

¶1 Kim Bowers appeals the district court's order dismissing the case without prejudice for failure to serve the defendant within 120 days. This matter is before the court on its own motion for summary disposition on the basis that the issues raised are so insubstantial as not to merit further proceedings and consideration by this court.

¶2 Bowers asserts that the district court erred in refusing to waive the fees associated with serving Payson City through a constable's service. The district court found Bowers to be indigent and waived the filing fees associated with her complaint. However, shortly thereafter, the district court issued a minute entry clarifying that the court did not waive any fees associated with service of process. Bowers asserts that Utah Code section 78A–2–304(2) required the district court to waive the fee for service of process. However, the statute does not mandate waiver of the service fees if only the filing fees are waived; it merely discusses the effect of a complete waiver of fees. See Utah Code Ann. § 78A–2–304(2) (2008). Accordingly, because the fees were not completely waived, the statute is not applicable.

¶3 Furthermore, to the extent that Bowers argues that the district court should have waived all fees associated with service of process simply because she was impecunious, we need not resolve this issue because Bowers has not demonstrated that she was prejudiced by the decision. See Huish v. Munro, 2008 UT App 283, ¶8, 191 P.3d 1242 ("Unless an appellant demonstrates that an error is prejudicial, ... it will be deemed harmless and no appellate relief is available."). Bowers asserts that because she was indigent she did not have the resources to pay a constable's service its fee for serving Payson City. However, Bowers has not demonstrated that she attempted to serve Payson City through other means allowed by rule 4 of the Utah Rules of Civil Procedure, which could have been accomplished at little or no cost. See Utah R. Civ. P. 4(d). For example, rule 4(d)(1) allows service of process to be accomplished by any non-party who is eighteen years of age or older. See id. R. 4(d)(1). Furthermore, rule 4(d)(2)(B) allows a party to serve an incorporated city or town "by mail or commercial courier service in any state or judicial district of the United States provided defendant's agent authorized by appointment or by law to receive service of process signs a document indicating receipt." Id. R. 4(d)(2)(B). Thus, other means, which were substantially less expensive than a private constable's service, existed to accomplish service of process. Because the record does not demonstrate that Bowers ever attempted to accomplish service through such means, she cannot demonstrate that she was prejudiced.

¶4 Affirmed.